Argued March 5, reversed March 27, 1968

OREGON FARM BUREAU INSURANCE
COMPANY, *Respondent, v.* SAFECO
INSURANCE COMPANY,
*Appellant.*
438 P. 2d 1018

450

*Kenneth E. Roberts,* Portland, argued the cause for appellant. With him on the briefs were Ridgway K. Foley and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Thomas Cavanaugh,* Portland, argued the cause for respondent. With him on the brief were Vergeer, Samuels, Cavanaugh & Roehr, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

This is an action by an insurance company to recover against two other insurance companies pro-rata contribution toward the settlement of one claim and the satisfaction of judgment in another claim arising out of an automobile accident for which the respective insurers were alleged to have provided multiple coverage. Safeco appeals from a judgment requiring contribution.

We do not reach the question whether the so-called Lamb-Weston formula (see *Lamb-Weston v. Oregon Auto Ins. Co.,* 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959)) for the adjustment of liabilities among multiple insurance carriers applies in this case because it conclusively appears from the record that Safeco provided no "valid and collectible" insurance against which Oregon Farm Bureau could assert a right to pro-rata contribution.

The stipulated facts are that Dameron, Safeco's insured, was operating an automobile owned by Peay on March 5, 1961, with Peay's permission. Peay was a named insured under a policy written by Oregon Farm Bureau, which policy described Peay's automobile. Dameron's coverage with Safeco was provided under an omnibus clause in a policy written for Dameron's father. Immediately after the accident, Peay notified Oregon Farm Bureau and a routine investigation followed.

During the investigation, which included interviews with Dameron and others, there is no record that Oregon Farm Bureau ever inquired into the possibility that other insurance might have covered any of the parties potentially liable for the harm caused by Dameron's use of Peay's automobile. Oregon Farm Bureau settled one claim "out of court," but Peay and Dameron were eventually served with summons and complaint in an action brought by a second victim of the accident.

When Oregon Farm Bureau, on March 9, 1963, received the documents which commenced the action against Peay and Dameron, Oregon Farm Bureau for the first time gave notice to Safeco that an accident involving a Safeco insured had occurred, and that claims were being made against Dameron. Oregon Farm Bureau then and there tendered the defense of the action to Safeco, and Safeco refused to participate in any manner in the proceedings. (Safeco then cited as a reason for refusing to participate a clause in its policy providing that its insurance, when its insured was driving a nonowned automobile, was excess insurance only.) When the present action was commenced, Safeco defended upon the additional ground that it had no valid and collectible insurance in force with

respect to Dameron's accident because it had received no notice of the accident as required by the terms of its contract under which Dameron was alleged to be an insured. The policy provided:

### "CONDITIONS

"* * * * *

"3. Notice: In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and names and addresses of the injured and of available witnesses, shall be given by or for the insured to Safeco or any of its authorized agents as soon as practicable * * *.

"* * * * *

"6. Action Against SAFECO: No action shall lie against SAFECO until after full compliance with all the terms of this policy * * *.

"* * * * *"

■. The purpose of the notice required by the usual automobile liability insurance contract is to permit the insurer, as quickly as possible, to discover all relevant facts and to make such management decisions as it deems proper in light of those facts. While it is true that one insurance carrier received prompt notice of the accident and thus was able to deploy its forces for an investigation satisfactory to that carrier, that investigation was not necessarily calculated to help another carrier make its decisions with reference to settlement efforts, strategy, reserves, or any of a variety of other matters that might be of interest to a claims department.

Notice given to Safeco more than two years after the accident clearly did not satisfy the require-

ment of Safeco's contract under which it is now claimed that Dameron was an insured. Reasonable notice to Safeco was a condition precedent to Safeco's liability to Dameron. See *Hoffman v. Employer's Liability Corp.,* 146 Or 66, 68-76, 29 P2d 557 (1934). The *Hoffman* case said the required notice was a condition precedent, but found, under the circumstances, that the failure to give notice was excusable. In the case at bar, there was no such excuse. Where one insurance company is demanding contribution from another, it is elementary that a right to contribution can rise no higher than the right of the alleged insured to compel his insurer to cover the loss. Here, Dameron's failure to give Safeco reasonable notice was compounded by Oregon Farm Bureau's similar failure to give Safeco reasonable notice.

Reversed.