Argued April 2, affirmed April 17, 1968

BONNEY, *Appellant, v.* JONES, *Defendant,*
and
OREGON FARM BUREAU INSURANCE
COMPANY, *Respondent.*

439 P. 2d 881

*Don G. Swink,* Portland, argued the cause for ap-

pellant. With him on the briefs were Ronald Lansing and Bailey, Swink & Haas, Portland.

*Duane Vergeer,* Portland, argued the cause for respondent. On the brief were Walter H. Sweek and Vergeer, Samuels, Cavanaugh & Roehr, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

A workman who recovered judgment in a third-party action for on-the-job injuries caused by the negligence of a truck operator appeals from an adverse judgment in garnishment proceedings against Oregon Farm Bureau Insurance Company.

The workman was employed at a Pope & Talbot log dump. He was injured when a log-bunk stake fell from a truck operated by Allan Jones. Jones at the time carried liability insurance with Oregon Farm Bureau. One of the "conditions" of Jones's policy required that "[t]he insured, or someone on his behalf, shall as soon as practicable after an accident, or loss: (a) Give written notice to the Company containing all particulars  *  *  *."

Jones, although aware that his truck had been involved in an accident and that a workman had been injured, failed to inform Oregon Farm Bureau of the accident. Jones mistakenly thought that because the workman's claim would be covered by Pope & Talbot's workmen's compensation carrier, no claim would be filed against him. In due course the workman received an award of compensation. But the workman also filed a "third-party" action against Jones. The action

against Jones was not filed, however, until the eve of the running of the statute of limitations. When served, Jones promptly notified Oregon Farm Bureau. Oregon Farm Bureau, citing the quoted contract provision, denied coverage.

■■ While there is a diversity of legal opinion upon the strictness with which the notice provisions of insurance contracts should be enforced in actions by tort victims against insurance carriers, Oregon has followed the rule that the rights of the tort victim against the insurance carrier are generally no greater than the rights of the insured. Reasonable notice of an accident is a condition precedent to the insurer's liability to the insured. *Oregon Farm Bureau Ins. v. Safeco Insurance Company,* 249 Or. 449, 438 P2d 1018 (1968). We have also indicated by way of dictum that the insurer is not required to prove that it has been prejudiced by the failure to give notice in such cases. *Hoffman v. Employer's Liability Corp.,* 146 Or 66, 68-76, 29 P2d 557 (1934). Where the insurer has actual notice, however, and seeks to avoid coverage on the ground that notice was not given by the person who participated in the accident, we have left open the question whether the carrier must show prejudice. *Johnson v. Doughty,* 236 Or. 78, 385 P2d 760 (1963). Cases from other jurisdictions are collected in the Annotation, 18 ALR2d 443 (1951), supplementing annotations in 76 ALR 23 and 123 ALR 952. We adhere to our own decisions which support the ruling of the trial court.

Affirmed.