Argued January 7, affirmed February 27, 1970

FALK ET AL, *Appellants, v.* SUL AMERICA TER-
RESTRES MARITIMOS E. ACCIDENTES
COMPANHIA DE SEGUROS,
*Respondent,*
VERSTEEG, *Respondent Cross-Appellant.*
465 P. 2d 714

*Lyle C. Velure,* Medford, argued the cause for appellants Falk and Aaronson. *Randolph Slocum,* Roseburg, argued the cause for respondent cross-appellant Versteeg. On the briefs were Collins, Redden, Ferris & Velure, Medford, and Randolph Slocum, Roseburg.

*Alonzo P. Stiner,* Portland, argued the cause for respondent. With him on the brief were Veatch, Lovett & Stiner, Portland.

SLOAN, J.

This is a declaratory judgment action challenging the refusal of defendant insurance company to defend a malpractice action. The two plaintiffs are osteopaths who were sued for malpractice. Defendant had malpractice insurance coverage for each plaintiff. It refused to defend the malpractice action on the grounds of failure of notice as required by the policies. Defendant claims, and the trial court found, that plaintiffs were aware of the potential claim for two years before they notified defendant. Plaintiffs defended the malpractice action which ended in a nonsuit. The mal-

practice action was refiled, however, and was pending at the time of the trial of the instant case. Plaintiffs, in the instant proceeding, seek to recover the cost of defending the malpractice trial, which had already occurred, and to compel defendant to indemnify them for any judgment that may be later entered.

■ This case is in the nature of an action at law and the trial court's findings are conclusive if supported by the evidence. *Oregon Farm Bureau v. Thompson,* on rehearing, 1963, 235 Or 176, 384 P2d 182.

The plaintiff in the malpractice action was a young man named Versteeg. In February of 1963, Versteeg was in an automobile accident. He was brought to the clinic and hospital operated by plaintiffs in Canyonville, Oregon. He received treatment there by plaintiff, Dr. Aaronson. There was testimony that Dr. Falk had no part in treating Versteeg. After Versteeg was discharged from plaintiffs' facilities, he continued to suffer neck and arm pain and consulted with another doctor at his home in California. The California doctor wrote to Dr. Aaronson, informing him that Versteeg appeared to have a "major fracture of the cervical spine." This was news to Dr. Aaronson. He had failed to detect any evidence which indicated such an injury. This failure was the basis of the malpractice case.

When Dr. Aaronson learned of the apparent existence of the injury that he had not discovered and of the potential existence of a claim, he did not notify defendant insurance company of that fact. Notice was not given defendant until the malpractice action was filed. Dr. Aaronson testified that it was his belief that if Versteeg did suffer from a fracture of the

cervical spine, it must have been caused by a later accident than the one Aaronson had treated him for. He stated he did not have any reason to anticipate that a malpractice case against him would follow and that he continued to think so until the case against him and Dr. Falk had been filed. However, Dr. Aaronson's testimony is not altogether consistent with the wording of the letter he wrote to the California doctor in answer to the latter's inquiry. The trial court could have read Dr. Aaronson's letter as a defensive statement to refute any lack of care on his part. The letter permits the inference that Dr. Aaronson was, at that time, conscious of the threat of a malpractice claim.

■ In addition to the letter from the California doctor, and the answer to it, there was evidence that Dr. Aaronson and other employees of the clinic and hospital were informed that Versteeg thought that Aaronson had committed malpractice. The total evidence justified the trial court's finding that Dr. Aaronson did have sufficient knowledge to cause him to believe that a potential claim existed which required that he notify defendant of the facts of which he was aware. Due diligence would have required as much. 8 Appleman, Insurance Law & Practice, 1962, § 4742. In reaching that finding, the trial court would not only assess the statements of the witness but their credibility as well.

■ Plaintiff Falk argues that even if this is so, the finding that Aaronson was Falk's agent was not supported by the evidence. We agree with the trial court that the evidence did support such a finding. In fact, the evidence was rather conclusive that the relationship between Falk, Aaronson and the other employees

who were aware of the situation was such that the knowledge of the latter should be attributed to Falk. *Hoffman v. Employer's Liability Corp.,* 1934, 146 Or 66, 29 P2d 557, holds that knowledge of an insured's agent is enough to require the insured to notify the insurer.

■ Plaintiffs also argue that the failure to give the notice did not prejudice defendant's ability to defend. This has been settled adversely to plaintiffs' argument. *Bonney v. Jones,* 1968, 249 Or 578, 439 P2d 881.

■ Plaintiffs make further argument that even though the failure of notice excuses defendant from its indemnity contract, it does not excuse its obligation to defend. In *Oregon Farm Bureau v. Safeco,* 1968, 249 Or 449, 438 P2d 1018, we had a similar case in which Safeco, the insurer, refused to defend because of lack of notice. We held that the duty to defend did not exist without the notice required by the policy. Plaintiffs say that *City of Burns v. Northwestern Mutual,* 1967, 248 Or 364, 434 P2d 465,[1] sustains their contention because in that case we held that the insurer could be required to indemnify even if it could not be required to defend. The issue decided in the *City of Burns* case was substantially different than that present in the instant case. In that case a question of coverage was involved. Here, the giving of notice was a condition precedent to defendant's obligation to defend. *Oregon Farm Bureau, supra;* 8 Appleman, Insurance Law & Practice, *supra,* p 7.

Affirmed.

---

[1] Some of the language of the City of Burns case was later modified in Ferguson v. Birmingham Fire Insurance Company, 1969, 254 Or 496, 460 P2d 342. The modification is not significant to our instant decision.