Argued April 1, reveresd and remanded August 7, 1975

# LUSCH, *Appellant, v.* AETNA CASUALTY & SURETY COMPANY, *Respondent.*

538 P2d 902

*David C. Landis,* Portland, argued the cause for appellant. With him on the briefs were Gearin, Cheney, Landis, Aebi & Kelley, Fred M. Aebi and Jeffrey M. Batchelor, Portland.

*Carrell F. Bradley,* Hillsboro, argued the cause and filed a brief for respondent.

DENECKE, J.

The notice of accident provision in an automobile liability policy is the basis of this appeal.

The plaintiff brought a declaratory judgment proceeding seeking a declaration of entitlement to coverage under the insurance policy issued by defendant, Aetna Casualty & Surety Company. The jury found for Aetna and the plaintiff appeals.

The plaintiff was the named insured in a policy issued by Aetna. On December 8, 1972, the plaintiff was driving a friend's car and was involved in a collision which injured several people. The plaintiff walked away from the accident without leaving any identifying information. He believed that the authorities could not connect him with the accident. The plaintiff did not report the collision to Aetna at this time.

On January 2, 1973, the injured parties' insurance company notified Aetna of the accident, naming the injured parties and the witnesses. On January

third or fourth the plaintiff reported the accident.[1] Aetna then investigated to determine whether it was obligated to defend the plaintiff. Aetna concluded that it had no obligation and made no further investigation.

Aetna's policy contained the usual provisions for giving notice of accident. The provision states:

"In the event of an accident * * * written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable. * * *

"* * * * *

"No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy * * *."

The trial court instructed the jury (after reading it the above-quoted provision) as follows:

"Now as I mentioned this would be a condition precedent and the burden of proof would be upon the plaintiff to establish by a preponderance of evidence that he did give reasonable notice. And whenever circumstances are such that a reasonably prudent—I will give a definition of reasonable notice, when a reasonably prudent person gives notice and did the plaintiff comply as a reasonably prudent person under the circumstances.

---

[1] On December 21, 1972, plaintiff's partner in a dental practice, Dr. Lovejoy, was fishing with a friend, Popp, who was an Aetna agent. Plaintiff's partner told Popp about the accident and that the plaintiff had not reported it. Popp did not report it to Aetna for several reasons. One reason was that Popp believed it to be in plaintiff's best interest for plaintiff to personally report the accident immediately.

"There has been testimony that Mr. Popp was advised of the accident. And if you find that this was reasonable notice and would put the Aetna Insurance Company on notice by this testimony, you could consider the date that was, I believe, December the 21st. Thus your question: Was that reasonable notice or as soon as practicable? If you find it wasn't, then you could consider whether as of January the 2nd of 1973 was this as soon as practicable, and would a reasonably prudent person give a notice sooner than this to the company. It's based upon a reasonably prudent theory of negligence, would be, and you have heard that term many times.

"As I said, that burden of proof is upon the plaintiff to satisfy you that he acted reasonably under the circumstances and that there was the appropriate notice given, which is a practicable length of time."

The plaintiff excepted to the giving of this instruction and requested the following instruction:

"The defendant contends that the plaintiff did not give timely notice of the accident to the defendant.

"I instruct you that the purpose of the notice condition in the insurance policy is to acquaint the insurance company with the occurrence of an accident so that it may make a proper investigation in order that it can determine whether a claim is likely to be made against the insured.

"I instruct you that if the insurance company, the defendant, received notice of the accident within a short period after the accident and that the defendant was then able to determine whether a claim was likely to be made against its insured, then defendant received sufficient notice."

Plaintiff assigns as error the giving of this instruction and the trial court's refusal to instruct as requested.

The reasoning underlying our decisions on the effect of failure to give notice of accident promptly have not always been clear. Decisions from other jurisdictions are likewise unclear and also conflicting. Annotation, 18 ALR2d 443, Liability insurance: clause with respect to notice of accident or claim, etc. (1951).

Outside of judicial opinions, we have found no writings attempting to clarify this perplexing point of law.

We will first state our conclusions on the proper means of interpreting the notice of accident provision and then relate these conclusions to our previous decisions.

■ If the insured does not give notice immediately after the accident or if notice is given by a third party, the initial question should be whether the notice is given in time for the insurer to adequately investigate the potential claim and thus protect itself and the insured. This is the purpose of giving notice. Restated, the question is whether the insurer is prejudiced by the failure of the insured to give notice as soon as practicable. Under either statement of the inquiry, if the insured or a third party notifies the insurer in time for the insurer to adequately investigate the claim and protect itself; or, stating it differently, if the insurer is not prejudiced by the insured's failure to give notice as soon as practicable, the insured cannot escape its policy obligations.

Whether the insured acted reasonably is immaterial in these circumstances. A hypothetical example should illustrate the logic of this proposition: Assume the insured was involved in a serious accident on July first. On July second a third party notified the insured's insurance company of all the pertinent facts involved in the accident. The insured never notified his insurer of the accident. Because the in-

surer suffered no prejudice under these circumstances, the insurer should not be permitted to deny coverage on the ground that its insured failed to give notice of the accident or that the insured acted unreasonably. In focusing on whether the insurer had notice in time to make a reasonable investigation, rather than on the conduct of the insured, the hypothetical example takes an approach similar to that of *Johnson v. Doughty*, 236 Or 78, 385 P2d 760 (1963), and *Bailey v. Universal Underwriters Ins.*, 258 Or 201, 474 P2d 746, 482 P2d 158 (1971).

In *Bailey*, after quoting dicta from *Johnson v. Doughty*, supra (236 Or 79), we held:

"* * * [T]hat when the insurer had actual notice of the accident, including most of the circumstances of the accident, and undertook to investigate it, the fact that such notice was not given by the named insured is wholly immaterial. * * *." 258 Or at 216.

On the other hand, our two most recent cases construing notice of accident provisions correctly focus on the reasonableness of the insured's conduct. In *Bernard v. National Guaranty Ins.*, 270 Or 827, 530 P2d 74 (1974), the alleged malpractice on which the claim was based occurred in March 1971. The insured did not notify his insurer of the claim until he was served with the summons and complaint in December 1971. We held that there was evidence from which the jury could find that the insured acted reasonably although he failed to notify his insurer until he was served.

In *Oregon Auto Ins. Co. v. Fitzwater*, 271 Or 249, 531 P2d 894 (1975), four years elapsed between the conduct giving rise to the malpractice claim and notification to the insurer of the claim. Notice was in the form of the insured's sending the complaint and summons to his insurer. In the *Oregon Auto* case, as

in the *Bernard* case, the inquiry focused on whether the insured had acted reasonably in waiting so long to give notice of claim.

If there is a long period of time between the occurrence and notice of claim, the insurer may not be able to make an adequate investigation or otherwise protect its interest. To illustrate, in both the *Oregon Auto* and *Bernard* cases, the insurer had no opportunity to attempt a compromise of the claims before the injured party engaged an attorney and filed a law suit.

■ Under the circumstances of these cases, the insurer could very well have been prejudiced due to the insured's failure to give notice. However, in these cases prejudice is immaterial because the jury found the insured acted reasonably. If the insured acted reasonably, the insurer must fulfill its contract obligation regardless of whether it was prejudiced or disadvantaged by not receiving earlier notice.

Summarizing, we conclude that the first inquiry should be whether the notice of accident was received in time for the insurer to make a reasonable investigation and adequately protect its interest and that of the insured. Stated conversely, the first inquiry should be whether the insurer was prejudiced by the insured's failure to give earlier notice of the accident.

If notice from any source was sufficiently timely so that the insurer could adequately investigate and protect itself, thereby suffering no prejudice, the insurer is bound to fulfill its policy obligations. Whether the insured acted reasonably is immaterial.

However, if the insurer could not adequately investigate or otherwise protect itself, thereby suffering prejudice, then the relevant inquiry is whether the insured acted reasonably in failing to give notice at

an earlier time. If the insured did act reasonably, the insurer is obligated to perform.

Our conclusion that prejudice may be an essential factor under some circumstances is contrary to dicta in some of our previous decisions. In *Hoffman v. Employer's Liability Corp.*, 146 Or 66, 77, 29 P2d 557 (1934), we stated:

> "Another contention of plaintiff is that, to enable defendant to interpose this defense, it must first show that its rights have been prejudiced by the delay. That contention is not tenable in a case where, as here, the time stipulated for performance is by the terms of the policy itself of the essence of the contract. It being a condition precedent to liability it must be performed before any liability on the other side can arise as the promise to pay the indemnity is made to depend upon the performance by plaintiff of the condition. Nonperformance of the condition prevents a recovery under the policy for the reason that until the condition has been performed plaintiff has failed to perform his contract. * * *." (The majority held for the insured for other reasons.)

*Bonney v. Jones,* 249 Or 578, 580, 439 P2d 881 (1968), and *Falk v. Sul America Terrestres,* 255 Or 246, 250, 465 P2d 714 (1970), repeated this dictum.

This reasoning that insurance policies should be interpreted according to their literal meaning is no longer acceptable. The court stated in *Hoffman*:

> "* * * That contention [that the insurer must show it has been prejudiced by the delay] is not tenable in a case where, as here, the time stipulated for performance by the terms of the policy is itself of the essence of the contract. * * *." 146 Or 77.

Even in the *Hoffman* case the court did not apply the literal wording of the policy:

"Strictly construed, the policy requires the insured to give notice immediately after the accident, whether he knew of its occurrence or not. This however, is so unreasonable a construction it must be rejected. * * *." 146 Or at 80.

We rejected interpreting an insurance policy according to its literal meaning in *Bailey v. Universal Underwriters Ins.,* supra (258 Or at 217-219). Liability insurance policies customarily provide that the insured must cooperate with the insurer. The policy makes this an express condition precedent, similar to the obligation to give notice. In *Bailey* we held that lack of cooperation was not a defense unless the insurer proved that it was prejudiced by the lack of cooperation.

We conclude that the dicta in *Hoffman v. Employer's Liability Corp.,* supra (146 Or 66), repeated in *Bonney v. Jones,* supra (249 Or at 580), and *Falk v. Sul America Terrestres,* supra (255 Or at 250), are incorrect and inconsistent with our later decisions.

■ Applying our conclusions to the instructions given, we hold that the trial court erred. The trial court instructed the jury that if plaintiff acted reasonably, he complied with the notice provision and if he did not act reasonably, he did not comply. As we stated, the initial question to be resolved by the jury is whether the insurer had notice, from whatever source, in sufficient time to make a reasonable investigation and otherwise protect itself.

The issues involved in the remaining assignments of error may not arise in any subsequent trial; therefore, we will not pass upon them.

Reversed and remanded.