# HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Appellant,*

*v.*

# PREMIER INSURANCE COMPANY, *Respondent.*

(406 360, SC 24336)

556 P2d 960

*Robert L. Cowling,* of Ford & Cowling, Medford, argued the cause and filed briefs for appellant.

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, McAllister, and O'Connell, Justices, and Sloper, Justice pro tempore.

McALLISTER, J.

## McALLISTER, J.

This is an action for contribution brought by Hartford Accident and Indemnity Company against Premier Insurance Company. Both companies insured C. L. Kirkland for automobile liability. The trial court, sitting without a jury, found for Premier. Hartford appeals.

On January 13, 1971, C. L. Kirkland, a California resident, was involved in a motor vehicle collision in Coos County with a vehicle occupied by Mr. and Mrs. Handly. When the accident occurred Kirkland was insured by two policies with identical coverage, one issued by plaintiff Hartford and the other by defendant Premier. Hartford was promptly notified and on January 14, 1971 its adjuster obtained a statement from Kirkland in which Kirkland advised Hartford that he had a similar policy with Premier. Hartford investigated the accident and began to adjust and settle the claims. For some undisclosed reason neither Hartford nor Kirkland gave any notice to Premier of the accident or the resulting claims.

Hartford paid its insureds under the medical payment provisions of its policy and also paid its insureds for the damage to their car. Hartford also paid the Handlys' claim for damage to the Handly car and settled Mr. Handly's claim for his personal injuries. In addition, Hartford made advance payments on Mrs. Handly's claim for her personal injuries and attempted to settle her personal injury claim. Hartford was unable to settle Mrs. Handly's claim and on December 22, 1972 Mrs. Handly filed an action against Kirkland. Hartford undertook the defense of that action.

On January 24, 1973 Hartford notified Premier of Mrs. Handly's claim and on February 5, 1973 Hartford requested that Premier participate in the adjustment of the claims arising from the accident and advised defendant that it would also look to it for one-half of the costs incurred in adjusting these claims.

Hartford settled Mrs. Handly's claim in December 1973. Before the settlement Hartford notified Premier of the proposed terms of the settlement and invited Premier to participate in the settlement, which invitation was declined.

The complaint in this action was filed on August 16, 1974. The complaint alleged that Hartford expended $6,788.70 in settlement of all the claims and incurred expenses in investigating and settling the claims, including legal fees in the amount of $4,828.63, for a total outlay by Hartford of $11,617.83. Hartford demanded judgment for one-half of its total expenditures, or $5,808.92.

This is an action at law and the findings of the trial court are binding on us if they were supported by any competent evidence. The trial court found that in failing to notify Premier until 25 months after the accident occurred and until two months after Mrs. Handly had filed suit against the insured Kirkland, that neither Kirkland nor Hartford acted reasonably in failing to give Premier timely notice of the accident and that Premier was prejudiced by the delay in notice. We think those findings could reasonably be inferred by the trial court from the uncontradicted evidence of delayed notice.

We think that Hartford's contention that Premier was not prejudiced because Hartford was investigating and handling the claims is answered in *Oregon Farm Bureau v. Safeco,* 249 Or 449, 438 P2d 1018 (1968), where we said:

> "The purpose of the notice required by the usual automobile liability insurance contract is to permit the insurer, as quickly as possible, to discover all relevant facts and to make such management decisions as it deems proper in light of those facts. While it is true that one insurance carrier received prompt notice of the accident and thus was able to deploy its forces for an investigation satisfactory to that carrier, that investigation was not necessarily calculated to help another

carrier make its decisions with reference to settlement efforts, strategy, reserves, or any of a variety of other matters that might be of interest to a claims department." 249 Or at 452.

■ Premier cannot be deprived of its right to investigate and adjust the claims under its policy merely because Hartford was investigating and adjusting the same claims under its policy.

The judgment is affirmed.