TERMINAL TRANSFER, INC., an
Oregon corporation, Plaintiff,

v.

TRUCK INSURANCE EXCHANGE, a California corporation, and Mid–Century Insurance Company, a California corporation, Defendants.

Civ. No. 91–518–FR.

United States District Court,
D. Oregon.

May 14, 1993.

Gordon T. Carey, Jr., Steven G. Marks, Carey & Marks, Portland, OR, for plaintiff.

Stephen G. Leatham, Williams, Kastner & Gibbs, Vancouver, WA, for defendants.

## OPINION

FRYE, District Judge:

Plaintiff, Terminal Transfer, Inc. (Terminal Transfer), brings this action for breach of contract against defendants, Truck Insurance Exchange and Mid–Century Insurance Company, seeking monetary and declaratory relief. The matter before the court is the motion of defendants for summary judgment (# 46).

## UNDISPUTED FACTS

From September 1, 1966 to August 1, 1979, Terminal Transfer was insured by defendants under a basic insurance policy, Policy No. 353–01–06. From August 1, 1979 to May 1, 1987, Terminal Transfer was insured by defendants under a revised insurance policy, Policy No. 302–00–05. From March 1, 1987, Terminal Transfer was insured by defendants under a new insurance policy, Policy No. 3487–10–44.

From February, 1967 until October, 1991, Terminal Transfer was the sole owner of property located at 3601 NW Yeon Street in the City of Portland. In 1972 or 1973, a pipeline for the delivery of diesel fuel, which was located under the property, leaked or ruptured releasing 6,000 gallons of diesel fuel. When Terminal Transfer learned of the spill of the diesel fuel, it arranged for the repair of the pipeline, but did not notify defendants of the spill. Terminal Transfer did not arrange to have the diesel fuel cleaned up.

In November, 1988, Terminal Transfer orally notified the defendants of the spill of the diesel fuel. In January, 1989, the Oregon Department of Environmental Quality (DEQ) learned of the contamination caused by the spill of the diesel fuel at 3601 NW Yeon Street. The DEQ ordered Terminal Transfer to submit a plan for remediation of the contamination by November 6, 1989. The plan for remediation of the contamination caused by the spill of the diesel fuel was put into effect in late 1989. Excavation of the soil contaminated by the spill of the diesel fuel began on September 18, 1990.

The groundwater connected with the property located at 3601 NW Yeon Street was also contaminated by the spill of the diesel fuel. The extent of the contamination of the groundwater has not yet been determined. Also undetermined is whether the contaminated groundwater migrated from 3601 NW Yeon Street to the land or the groundwater of adjacent properties. The DEQ has required Terminal Transfer to install monitoring wells at 3601 NW Yeon Street in order to determine whether the diesel fuel contamination has migrated to adjacent properties and whether the groundwater at 3601 NW Yeon Street is still contaminated.

## CONTENTIONS OF THE PARTIES

Terminal Transfer contends that defendants are responsible for the costs associated with the remediation of the diesel fuel contamination at 3601 NW Yeon Street under the applicable insurance policies. The defendants contend that because Terminal Transfer failed to provide them with timely notice of the diesel fuel spill and the resulting contamination, it is not responsible for the costs associated with the remediation of the diesel fuel contamination.

## APPLICABLE STANDARD

■ Under the laws of the State of Oregon, the interpretation of a contract of insurance is generally one of law, and is, therefore, appropriate for summary judgment. See *Hoffman Constr. Co. v. Fred S. James & Co.*, 313 Or. 464, 469, 836 P.2d 703, 706 (1992); *Timberline Equip. Co., v. St. Paul Fire & Marine Ins. Co.*, 281 Or. 639, 643, 576 P.2d 1244, 1246 (1978). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## APPLICABLE LAW

■ Under the laws of the State of Oregon, when examining whether the claim of an insured is barred by late notice to the insurer, the first inquiry is whether the insurer was prejudiced by the failure of the insured to give earlier notice of the occurrence. *Lusch v. Aetna Cas. & Sur. Co.*, 272 Or. 593, 538 P.2d 902 (1975). If no prejudice is shown, "the insurer is bound to fulfill its policy obligations." *Id.* at 599, 538 P.2d at 905. If, however, prejudice is demonstrated, then the court examines "whether the insured acted reasonably in failing to give notice at an earlier time. If the insured did act reasonably, the insurer is obligated to perform." *Id.*

## RULING OF THE COURT

■ The failure of Terminal Transfer to notify defendants of the spill of diesel fuel deprived defendants of the opportunity to investigate the cause of the spill or the extent of the damage caused by the spill for fifteen or sixteen years. By the time defendants were notified, circumstances may have changed and certainly memories have faded. Thus, this extent of delay caused substantial prejudice to defendants.

■ Having established prejudice, the next issue is whether Terminal Transfer acted reasonably in failing to give notice at an earlier time, since the spill of the diesel fuel occurred in 1972 or 1973. Terminal Transfer did not notify the defendants when the spill first occurred because federal and state envi-

ronmental protection acts had not yet been enacted, and Terminal Transfer apparently believed that it was under no obligation to clean up the spill. Terminal Transfer finally did inform the defendants of the spill when oral notice was given in 1988. Under the circumstances of this case, a delay of fifteen years is unreasonable as a matter of law.

### CONCLUSION

Defendants' motion for summary judgment (# 46) is granted.