MEMORANDUM **
Fireman’s Fund Insurance Company and National Surety Corporation (collectively “Fireman’s Fund”) appeal from the district court’s order dismissing Fireman’s Fund’s claims against Oregon Automobile Insurance Company and North Pacific Insurance Company (collectively “Oregon Auto”). We reverse and remand.
The district court’s holding that Oregon Auto’s settlement with the common insured (“Niemi Oil”) barred Fireman’s Fund’s contribution claim against Oregon Auto was based on its interpretation of Or.Rev.Stat. § 465.480(4). Section 465.480(4) provides, “An insurer that has paid an environmental claim may seek contribution from any other insurer that is liable or potentially liable.” Under the district court’s interpretation of this provision, the insurer against which contribution is sought must be currently liable or potentially liable to the insured. Thus, if an insurer has settled with the common insured, the insurer is no longer liable to the insured and cannot be sued for contribution by another insurer.
We conclude that the district comb’s interpretation of § 465.480(4) is erroneous. Upon consideration of the text of § 465.480(4), other provisions of the Environmental Cleanup Assistance Act (“ECAA” or the “Act”), and preexisting common law, we interpret § 465.480(4) as allowing an insurer to seek contribution from any other insurer that was liable or potentially liable to the insured at the time of the occurrence giving rise to the environmental claim.
Under the 2003 amendments to the Act, an insurer with a duty to pay defense or *625 indemnity costs, or both, “must pay all defense or indemnity costs, or both ... independent and unaffected by other insurance that may provide coverage for the same claim.” Or.Rev.Stat. § 465.480(3)(a). However, under the district court’s interpretation of § 465.480(4), an insurer has little incentive to pay all defense and/or indemnity costs. If an insurer carries out its duty under § 465.480(3)(a), it runs the risk that the other insurers will settle with the common insured, thereby precluding the paying insurer from suing for contribution.
Furthermore, if an insurer pays the fall amount of an insured’s loss, the insured has no further rights against other insurers who covered the same risk, and these non-paying insurers are no longer liable to the insured. See Fireman’s Fund Ins. Co. v. Maryland Cas. Co., 65 Cal.App.4th 1279, 1295, 77 Cal.Rptr.2d 296, 305 (Ct.App.1998) (“Hence, where there are several policies of insurance on the same risk and the insured has recovered the full amount of its loss from one or more, but not all, of the insurance carriers .... the liability of the remaining insurers to the insured ceases, even if they have done nothing to indemnify or defend the insured.”) Therefore, under the district court’s interpretation of § 465.480(4), an insurer that promptly pays the full amount of an insured’s loss is barred from seeking contribution from other insurers that covered the same risk. We do not believe the Oregon legislature intended such a result, which would undermine the goal of the 2003 Act to.expedite the payment of insurance proceeds to the insured.
In addition, the district court’s interpretation of § 465.480(4) is inconsistent with section 5(4) of the 2003 Act. 2003 Or. Laws, ch. 799 § 5(4). Section 5(4) specifies that even though the 2003 amendments have retroactive effect, an insurer that is a party to an ongoing action based on an environmental claim cannot seek contribution from any other insurer that, prior to the effective date of the 2003 Act, reached a binding settlement with the insured (provided that the settlement involves at least one insurer that was a party to the action). There would be no need to carve out an exception for preenactment settlements if § 465.480(4) generally precludes an insurer from seeking contribution against another insurer that has settled with the insured and is thus no longer “liable or potentially liable” to the insured.
Preexisting common law also contradicts the district court’s conclusion that an insurer’s right to contribution from a second insurer is dependent on whether the insured has a right of recovery against the second insurer. See In re Marriage of Denton, 326 Or. 236, 241, 951 P.2d 693, 697 (1998) (explaining that courts, when construing statutes, should consider the context of the statutory provision, which includes preexisting common law). In Carolina Cas. Ins. Co. v. Oregon Auto. Ins. Co., 242 Or. 407, 417, 408 P.2d 198, 203 (1965), the Oregon Supreme Court stated: “An insurer’s rights against its co-insurer for contribution arises out of the equitable doctrine which holds that one who pays money for the benefit of another is entitled to be reimburse[d] ... Such rights do not arise by way of subrogation.” See also TIG Ins. Co. v. Travelers Ins. Co., 2003 WL 24051560, at *4 (D.Or. March 24, 2003) (discussing equitable right of contribution among consecutive insurers).
The district court’s reliance on Oregon law that governs claims of contribution among joint tortfeasors is misplaced. Insurers that insure the same risk under separate policies with the insured are not joint tortfeasors or co-obligors. See Topa Ins. Co. v. Fireman’s Fund Ins. Co., 39 *626 Cal.App.4th 1331, 1338-39, 46 Cal.Rptr.2d 516, 520 (Ct.App.1995).
The cases upon which Oregon Auto relies are also distinguishable. In both Oregon Farm Bureau Ins. Co. v. Safeco Ins. Co. of America, 249 Or. 449, 438 P.2d 1018 (1968) and American Star Ins. Co. v. Allstate Ins. Co., 12 Or.App. 553, 508 P.2d 244 (Ct.App.1973), the courts held that an insurance company was not liable for contribution where the insured failed to give the insurance company timely notice as required as a condition of coverage by the policies. Clearly, there may be circumstances where an insured’s breach of contract may render the insurer not liable at all and bar claims of equitable contribution against that insurer. Here, however, the issue is not lack of coverage under Oregon Auto’s policies due to Niemi Oil’s failure to satisfy a contractual prerequisite for coverage, but, rather, cessation of Oregon Auto’s liability to Niemi Oil through settlement.
Oregon Auto argues, in the alternative, that in apportioning the recoverable costs between the insurers, the district court determined in its discretion, pursuant to Or.Rev.Stat. § 465.480(4), that Fireman’s Fund was not entitled to anything from Oregon Auto in light of the settlement. However, it is clear from the record that the district court did not make any such determination. The district court did not conduct the analysis required by § 465.480(4), which sets forth specific factors that must be considered by the court. Instead, the district court held that Fireman’s Fund was barred from seeking contribution because Oregon Auto was no longer “liable or potentially liable” to Niemi Oil.
In sum, correctly interpreted, § 465.480(4) provides a right of contribution against any other insurer that was liable to the insured at the time of the occurrence giving rise to the environmental claim. The district court’s interpretation of § 465.480(4) is erroneous, and the existence of a settlement between Oregon Auto and Niemi Oil does not bar Fireman’s Fund from seeking contribution against Oregon Auto.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.