**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California company; NATIONAL SURETY CORPORATION, an Illinois company, | No. 10-35414 |
| | D.C. No. 3:03-cv-00025-MO |
| Plaintiffs - Appellees, | MEMORANDUM[*] |
| v. | |
| NORTH PACIFIC INSURANCE COMPANY, an Oregon company; Does 1-100 inclusive & Does 101-200 inclusive; OREGON AUTOMOBILE INSURANCE COMPANY, an Oregon company, | |
| Defendants - Appellants. | |

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California company; NATIONAL SURETY CORPORATION, an Illinois company, | No. 10-35814 |
| | D.C. No. 3:03-cv-00025-MO |
| Plaintiffs - Appellants, | |
| v. | |
| NORTH PACIFIC INSURANCE | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMPANY, an Oregon company; Does 1-100 inclusive & Does 101-200 inclusive; OREGON AUTOMOBILE INSURANCE COMPANY, an Oregon company,

Defendants - Appellees.

FIREMAN'S FUND INSURANCE COMPANY, a California company; NATIONAL SURETY CORPORATION, an Illinois company,

Plaintiffs - Appellees,

v.

OREGON AUTOMOBILE INSURANCE COMPANY, an Oregon company; NORTH PACIFIC INSURANCE COMPANY, an Oregon company; Does 1-100 inclusive & Does 101-200 inclusive,

Defendants - Appellants.

No. 10-35908

D.C. No. 3:03-cv-00025-MO

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 14, 2011
Portland, Oregon

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

2

In case number 10-35414, Defendants-Appellants/Cross-Appellees North Pacific Insurance Company and Oregon Automobile Insurance Company (collectively, North Pacific), appeal the district court's judgment, entered after a bench trial, holding that North Pacific owes Plaintiffs-Appellees/Cross-Appellants Fireman's Fund Insurance Company and National Surety Company (collectively, Fireman's Fund) approximately $2.1 million in equitable contribution toward defense costs incurred by Ed Niemi Oil Company and related entities with respect to environmental cleanup actions brought by the Oregon Department of Environmental Quality. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

We have jurisdiction over the district court's grant of summary judgment, which rejected North Pacific's untimely notice affirmative defense. 28 U.S.C. § 1291; *see, e.g.*, *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902–03 (9th Cir. 2004). Because *Ortiz v. Jordan*, 131 S. Ct. 884, 892 (2011), expressly declined to consider whether such "purely legal issue[s]" are appealable after a full trial on the merits, prior circuit precedents such as *Banuelos* remain binding on this panel. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). In addition, North Pacific sufficiently raised this issue before the district

3

court by challenging the conduct of both Fireman's Fund and the Ed Niemi Oil Company.

With respect to the merits, Oregon law imposes an independent duty on insurers to "inquire[] into the possibility of other insurance" whenever they seek equitable contribution from other insurers. *Am. Star Ins. Co. v. Allstate Ins. Co.*, 508 P.2d 244, 247 (Or. Ct. App. 1973). If the defendant insurer "was prejudiced by the delay in notice" of the underlying claim, *Hartford Accident & Indem. Co. v. Premier Ins. Co.*, 556 P.2d 960, 961 (Or. 1976), and if the plaintiff insurer failed to "exercise 'reasonable diligence'" in giving such notice to the defendant, then the plaintiff may not obtain equitable contribution from the defendant, *Am. Star Ins. Co.*, 508 P.2d at 247.

Because the district court considered only whether the *insured* acted unreasonably, it erred as a matter of law by failing to determine instead whether Fireman's Fund was reasonably diligent in giving notice to North Pacific and whether the timing of that notice was prejudicial to North Pacific. As "a federal appellate court does not consider an issue not passed upon below," we remand this issue so that the district court may consider it in the first instance. *Golden Gate Hotel Ass'n v. City & Cnty. of S.F.*, 18 F.3d 1482, 1487 (9th Cir. 1994) (internal

4

quotation marks omitted). In doing so, the district court should consider reasonable diligence and prejudice with respect to all six cleanup sites.

On remand, the district court should also "consider, under equitable principles" and the specific facts and circumstances of this dispute, *N. Ins. Co. of N.Y. v. Allied Mut. Ins. Co.*, 955 F.2d 1353, 1361 (9th Cir. 1992), whether Fireman's Fund is entitled to contribution toward defense costs incurred prior to the time that it informed North Pacific about the underlying claims. Contrary to Fireman's Fund's argument, North Pacific did not waive this contention by challenging "pre-tender costs" rather than "pre-notice costs" in the district court. Even if North Pacific now uses different terminology than it used in the district court, this is a purely legal question and Fireman's Fund has not been "prejudiced by the failure to raise the issue at the district court," as the separate legal theories are governed by substantially identical facts. *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1241 (9th Cir. 2001).

Because the district court's resolution of these questions could conceivably preclude Fireman's Fund from obtaining any recovery at all, we reluctantly vacate the district court's amended judgment entered on April 19, 2010, and remand for further proceedings consistent with this disposition. Although we are inclined to agree with Fireman's Fund on the bulk of the remaining issues presented to us in

5

North Pacific's appeal, we refrain from issuing a non-binding advisory opinion to that effect.

With respect to case number 10-35814, which involves Fireman's Fund's separate appeal of the district court's September 2, 2010, denial of attorneys' fees under Oregon Revised Statutes § 742.061(1), the district court correctly concluded that the reasoning in the intermediate state-court decision *Certain Underwriters at Lloyd's London v. Massachusetts Bonding & Insurance Co.*, 230 P.3d 103, 114–15 (Or. Ct. App. 2010), supersedes our prior reasoning in *Webb v. National Union Fire Insurance Co.*, 207 F.3d 579, 583–84 (9th Cir. 2000). As there are no "convincing" reasons for disagreeing with the intermediate state court, that decision is a conclusive interpretation of the statute. *See Watts v. Watts* (*In re Watts*), 298 F.3d 1077, 1082–83 (9th Cir. 2002). Thus, regardless of whether or not Fireman's Fund is the prevailing party with respect to the merits judgment, the district court properly denied the motion for attorneys' fees as a matter of law.

In case number 10-35908, the district court's award of costs is vacated and remanded. *See* Fed. R. Civ. P. 54(d)(1).

The judgment in 10-35414 is **VACATED** and **REMANDED** for further proceedings; the order in 10-35814 is **AFFIRMED**; and the cross-appeal in 10-35908 is **VACATED** and **REMANDED**. Each party shall bear its own costs.

6