Argued December 8, modified December 22, 1914.

## SCHEUERMAN *v.* MATHISON.

(144 Pac. 1177.)

**Garnishment—Grounds—Aid of Execution—Property Subject to Garnishment.**

1. To enable a creditor to maintain a garnishment proceeding there must be a subsisting right of action at law by the defendant in his own right against the garnishee, and the garnishee cannot be held liable unless he is indebted to the defendant at the time of the commencement of the garnishment proceeding.

**Garnishment—Property Subject to—Aid of Execution.**

2. Under a policy insuring an employer against loss and expense arising from claims for injuries or death suffered by any employee, providing that if suit was brought the assured should forward to the insurer every process and paper, that the company at its own expense would settle or defend the suit, that the assured should not assume any liability nor interfere with any negotiation for settlement

or legal proceeding nor incur any expense or settle any claim except at its own cost, and that no action should lie against the insurer for loss or expense thereunder unless it should be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, construed in accordance with Section 715. L. O. L., providing that in the construction of an instrument the office of the judge is simply to ascertain and declare what is in terms or substance contained therein, and not to insert what has been omitted or omit what has been inserted, and that when there are several provisions or particulars such construction is to be adopted as will give effect to all, and Section 716 providing that the intention of the parties is to be pursued if possible and that a particular intent shall control a general one inconsistent therewith, no action could be maintained until the assured had paid all or some part of the judgment against it, and then only for the amount actually paid, and there was nothing due the assured subject to garnishment by an employee who had recovered judgment against the assured, except an amount equal to the amount which the assured had paid on the judgment.

Contracts—Construction—Statutory Provisions.

3. Under Sections 715, 716, L. O. L., in the absence of fraud, contracts, though unreasonable or unfair, are binding on the parties and cannot be altered or amended by the courts by construction.

Insurance—Construction of Contract—Construing Against Insurer.

4. As contracts of insurance are usually prepared by the companies that issue them, they are to be construed favorably to the insured when ambiguous.

Insurance — Construction of Policy — Enforcement — Contracts for Benefit of Third Person.

5. An employer's liability insurance policy creates no privity between the insurer and an employee, and is not a promise for the benefit of the employee.

[As to contracts for benefit of third person, see notes in 39 Am. St. Rep. 531; 71 Am. St. Rep. 176.]

From Multnomah: HENRY E. McGINN, Judge.

This is an action by Jacob Scheuerman against S. Mathison and Gust Anderson, doing business as Mathison & Anderson, copartners, in which a garnishment proceeding was instituted against the Pacific Coast Casualty Company. From a judgment against the garnishee, it appeals. MODIFIED AND REMANDED.

For appellant there was a brief over the names of *Mr. George B. Guthrie, Messrs. Wilbur & Spencer* and *Mr. A. L. Clark,* with an oral argument by *Mr. Guthrie.*

For respondent there was a brief over the names of *Mr. R. F. Peters* and *Mr. M. H. Clark,* with an oral argument by *Mr. Peters.*

Department 1.   MR. JUSTICE RAMSEY delivered the opinion of the court.

The Pacific Coast Casualty Company is a California corporation.   The plaintiff was an employee of the firm of Mathison & Anderson, defendants herein, and, while in their employment, he received personal injuries.

On July 10, 1912, he commenced an action against said firm in the Circuit Court of Multnomah County to recover damages for said injuries, and soon thereafter he recovered a judgment against said firm for the sum of $1,650, and the further sum of $57.25 as costs and disbursements.   On January 7, 1914, an execution was issued out of said court to enforce said judgment, and it was placed in the hands of the sheriff of Multnomah County for service, with instructions to garnish the Pacific Coast Casualty Company by serving the necessary papers therefor upon C. A. Craft, the secretary of said company.   The sheriff made proper service of said garnishment papers upon said company and its said officer.   Said garnishment papers required said company forthwith to make a certificate as to all property and credits in its possession belonging to said firm of Mathison & Anderson, and especially a certificate as to any money due said defendants or either of them from said garnishee.   The said garnishee failed to make any certificate as to the property or moneys or credits supposed to be in its hands belonging to the said defendants.   On January 14, 1914, said sheriff made his return upon said writ of

execution, stating that he had served said garnishment papers upon said company, and that said company had failed to make any certificate as to whether it had any property, money or credits in its hands belonging to the defendants, etc.

When the plaintiff was injured as above stated, he was in the employment of the defendants, and, at that time and prior and subsequent thereto, the defendants were insured with the Pacific Coast Casualty Company, the garnishee, and, by the terms of the policy of insurance issued by said company to the defendants, said company agreed to indemnify the defendants for any loss they might sustain by reason of injuries to any of their employees. Immediately after the plaintiff commenced said action for damages against said defendants, the said company, through its attorneys, took charge of said case for said defendants, and filed the answer therein for the defendants, and conducted said cause for the defendants until the final judgment therein was obtained, as stated *supra.* The plaintiff caused a writ of execution to be issued upon said judgment and collected thereon only the sum of $124, and said sum of $124 is all that the defendants have paid on said judgment. The garnishee, said casualty company, has not paid the defendants or either of them any part of the said judgment recovered by the plaintiff against the defendants for said personal injuries suffered while in their employment, as stated *supra.* After alleging *inter alia* substantially the facts related *supra,* the plaintiff, by his complaint, demanded judgment against said company, as garnishee, for the sum of $1,604.38 and interest, etc. The plaintiff's complaint and proper interrogatories were served on said company, as garnishee, etc. Said company answered said complaint and interrogatories, admitting portions,

and denying other parts thereof, and setting up new matter. The reply denied parts of the new matter of the answer, and set up new matter.

The cause was tried by the court without a jury, and findings and a judgment were rendered for the plaintiff, and against the garnishee, for the amount demanded by the complaint. The garnishee appeals, and contends that the court below erred in its sixth finding of fact and in refusing to find the sixth finding of fact requested by the garnishee, and in finding, as a conclusion of law, that the plaintiff was entitled to a judgment against the garnishee for the sum named therein, and in not finding that the garnishee was entitled to judgment against the plaintiff, etc.

The sixth finding of fact to which the garnishee objects is as follows:

"That immediately upon the plaintiff being injured, the said garnishee, through its agents and attorneys, took exclusive charge and control of the case, and all negotiations and proceedings therein, and, upon this action being commenced, said garnishee, through its attorneys and at its own expense, took exclusive charge and control of the defense of said action, and conducted the defense of the trial of said action in this court, and thereafter, upon its own initiative, took an appeal from the judgment rendered in this court in said cause, to the Supreme Court of the State of Oregon, and furnished bond to cover the costs of said appeal, as required by law, and upon said cause being affirmed by the Supreme Court, the said garnishee paid the costs of said appeal; that all of said proceedings were taken in the name of the defendants, but that the defendants had no charge or control over said proceedings, and all of said proceedings were under the exclusive control and charge of the said garnishee."

The sixth finding of fact that the garnishee requested and the trial court refused to find is as follows:

"That immediately upon the plaintiff being injured, the said garnishee, through its attorneys and agents, as provided in said liability policy, and not otherwise, took charge and control of the case and all negotiations and proceedings therein, and upon this action being commenced, said garnishee, through its attorneys, as provided in said liability policy, and not otherwise, and at its own expense, took charge and control of the defense of said action, and conducted the defense of the trial of said action in this court, and thereafter, as provided in said liability policy, and not otherwise, took an appeal from the judgment rendered in this court in said cause to the Supreme Court of the State of Oregon."

The garnishee in its answer set out in full the policy of insurance upon which this proceeding is based. We set out only the portions thereof bearing on the questions raised on this appeal. The portions of said policy referred to are as follows:

"Pacific Coast Casualty Company of California.

"In consideration of the warranties herein and of twenty-five and 00/100 dollars ($25.00) (deposit premium) estimated premium, the Pacific Coast Casualty Company, of San Francisco, California, herein called the company, hereby insures Mathison & Anderson, and/or Mount Hood Brewery Company of the county of Multnomah, State of Oregon, hereinafter called the assured, against loss and expense arising from claims upon the assured for damages on account of bodily injuries or death accidentally suffered or alleged to have been suffered during the period of this policy by any employee of the assured by reason of the prosecution of the work described herein.

"If a suit is brought on account of an accident, the assured shall forward immediately to the company, or to its duly authorized agent, every process and paper served on him. The company, at its own expense, will settle or defend said suit, whether groundless or not; the moneys expended in said defense shall

not be included in the limits of the liability fixed under this policy. The assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expense nor settle any claim except at his own cost, without the written consent of the company.''

"L. No action shall lie against the company for any loss or expense under this policy unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, within ninety days from the date of said judgment and after trial of the issue.''

There appears to be no controversy as to the material facts, but the parties differ widely as to the effect of those facts, or as to the right of the parties on the facts, found by the court below. The trial court found that the copy of the policy annexed to the answer is a true copy of the policy that the garnishee issued to the firm defendants, and hence there can be no question as to the contents of that instrument. The firm defendants held that policy at the time that the plaintiff received the personal injuries referred to *supra*, and he was in the employment of said firm when he received those injuries. He obtained the judgment against said firm mentioned above on account of said injuries, and garnished the casualty company for the amount supposed to be due from that company to the defendants by reason of the injuries that he had received. Said policy undoubtedly covered said injuries.

1. In order that a creditor may maintain a garnishment proceeding there must be a subsisting right of action at law by the defendant in his own right against the garnishee, and a garnishee cannot be held liable to garnishment, unless it is shown that he is indebted to the defendant at the time of the commencement of the garnishment proceedings: 20 Cyc. 983, 984; *Case*

v. *Noyes,* 16 Or. 329 (19 Pac. 104) ; *Oregon R. & N. Co.* v. *Gates,* 10 Or. 514; Drake, Attachment (7 ed.), 458; Waples, Attachment (2 ed.), § 472.

Waples, Attachment (2 ed.) Section 472, says, *inter alia:*

"Standing in the defendant's place, the plaintiff can have no greater rights than he, had the garnishee been sued by the defendant. On the other hand if the garnishee denies indebtedness, he has the same rights of defense, and no more nor less, than if sued by his creditor. The proceeding may therefore be called a suit."

Drake, Attachment (7 ed.), Section 458, says:

"A fundamental doctrine of garnishment is that the plaintiff does not acquire any greater rights against the garnishee than the defendant himself possesses. When, therefore, the attachment plaintiff seeks to avail himself of the rights of the defendant against the garnishee, his recourse against the latter is limited by the extent of the garnishee's liability to the defendant. This principle is subject, however, to an exception, where the garnishee is in possession of effects of the defendant under a fraudulent transfer from the latter. Then, though the defendant would have no claim against the garnishee, yet a creditor of the defendant can subject the effects in the garnisher's hands to his attachment."

In *Case* v. *Noyes,* 16 Or. 329 (19 Pac. 104), the court says:

"The plaintiff by this proceeding against Noyes as garnishee is endeavoring to assert the rights of the Seaside Packing Company against him, and he can assert no other rights unless it appeared that the garnishee had effects of the defendant which he held fraudulently."

In *Burns* v. *Payne,* 31 Or. 100, 103 (49 Pac. 884, 885), the court says:

"He [the attaching creditor] takes the shoes and asserts the rights of the defendant against the garnishee. 'He sues for property or credits in his own name, but upon the cause of action acquired by such legal subrogation.'"

It is a cardinal principle of the law relating to garnishments that the plaintiff therein cannot, as a general rule, acquire any greater rights against the garnishee than the defendant in the attachment case possesses. In this case, in order that the plaintiff may be entitled to a judgment against the garnishee, the casualty company, he must show that the assured, Mathison & Anderson, at the time that the garnishment proceeding was begun, could have maintained an action against the said company on the said policy of insurance. If the assured could not have maintained such an action, the plaintiff, as an attaching creditor is not entitled to a judgment against the garnishee, the casualty company. We conclude that this is the law.

2–4. Sections 715 and 716, L. O. L., declare the rules by which we are to be guided in construing this policy of insurance. The former of said sections is:

"In the construction of a statute or *instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein,* not to insert *what has been omitted, or to omit what has been inserted;* and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

Said Section 716 is as follows:

"In the construction of * * an instrument the intention of the parties, is to be pursued, if possible; and when a general and a particular provision are inconsistent, the latter is paramount to the former. So a

particular intent shall control a general one that is inconsistent with it.''

Neither courts of law nor of equity have the right or power to make contracts for parties, or to alter or amend those that the parties have made. It is the intention of the parties, manifested by their words, and not the whim of the court, that must be the guide in construing contracts made by the parties thereto. In some instances, parties without exercising due caution, sign contracts that are not in all respects reasonable or fair; but when they execute such contracts, they are, in the absence of fraud, bound by them. It is our office to ascertain and declare what is the meaning of this policy of insurance. As contracts of insurance are usually prepared by the companies that issue them, they are to be construed favorably to the assured when their provisions are ambiguous. But the terms of this policy are not ambiguous, and it is our office to determine what the parties thereto meant by the provisions set forth therein.

This policy took effect on April 10, 1912, and the plaintiff was injured about May 27, 1912. Mathison & Anderson, the assured, paid for the policy a premium of $25. The casualty company, in consideration of receiving from said firm said sum of money, insured said firm—

''against loss and expense arising from claims upon the assured *for damages* on account of bodily injuries or death accidentally suffered or alleged to have been suffered during the period of this policy by any employee of the assured by reason of the prosecution of the work described herein.''

The insurance is against claims *for damages* sustained or alleged to have been sustained by any em-

74 Or.—4

ployee of the assured in the prosecution of the work described in the policy. Another paragraph of the policy requires the assured, when sued by any person on account of an accident, to forward to the company immediately every process or paper served on the assured, and the company agrees, at its own expense—

"to settle or defend said suit, whether groundless or not; the moneys expended in said defense shall not be included in the limits of the liability fixed under this policy. And the assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expense or settle any claim, except at his own cost, without the written consent of the company."

This provision of the policy binds the company at its own expense, either to settle or defend any action for damages, and it inhibits the assured from assuming any liability for any claim, or interfering with negotiations for the settlement of any claim, or from settling any claim, except at their own expense, without the written consent of the company. This provision gives the company full control of all legal proceeding brought against the assured for damages, and prevents the assured's settling or paying any claim prior to judgment, except at their own expense, without the written consent of the company. The company has the right to settle claims before judgment or to litigate them, but the assured cannot, except at its own expense, settle or pay any claim before it is reduced to judgment, unless the company assents thereto. This provision was inserted in the contract to give the company full control of all settlements prior to judgment and to enable the company to contest the claims in the courts as far as it should desire to do so. The said provision of the contract is to be

construed in connection with paragraph L thereof, which is as follows:

"No action shall lie against the company for any loss or expense under this policy unless it shall be brought *for loss* or *expense actually sustained and paid in satisfaction of a final judgment,* within ninety days from date of said judgment, and after trial of the issue."

This paragraph of the contract expressly provides that no action shall lie against the company for any loss or expense under the policy, except for loss or expense *actually sustained and paid in satisfaction of a final judgment,* and after trial of the issue. The only insurance created by the policy is against "loss and expense"; and paragraph "L" provides that no action shall lie against the company for "loss or expense" unless it shall be brought for "loss or expense *actually sustained and paid in satisfaction of a final judgment,*" after trial of the issue, within 90 days from the date of the judgment. By this clause it is provided, that an action against the company will lie only for loss and expenses *that have been paid in satisfaction of a final judgment obtained* after a trial of the issue of damages. If said provision is valid, it necessarily follows, that the company is not liable to an action on the policy until a final judgment has been obtained against the assured by a person injured, *and the assured has paid all or some portion of said judgment,* and such action can be maintained for only the amount actually paid on the judgment. This is the obvious meaning of the contract. It contains no ambiguity on this point.

5. In order, therefore, that the plaintiff may be entitled to a judgment against the casualty company, as garnishee, it is necessary for him to show that he ob-

tained a final judgment against the assured, Mathison & Anderson, and that the assured actually paid said judgment or a part thereof. It was shown that he had obtained a final judgment against the assured, and that $124, had been paid on said judgment by the assured. The seventh finding of fact states that that amount had been collected by a writ of execution upon said judgment and that it was applied thereon. It is obvious that there is no privity between the plaintiff and the garnishee. The company has no contract with the plaintiff. The policy was obtained for the benefit of the assured and not their employees. The company made no promise for the benefit of the plaintiff.

In *Ford* v. *Aetna Life Ins. Co. of Hartford,* 70 Wash. 29 (126 Pac. 69), decided by the Supreme Court of Washington, a part of the syllabus is:

"A policy by which insurer agrees to indemnify assured against loss from claims for personal injury suffered by anyone not employed by assured by reason of assured's business, and which provides that if action is brought against assured on a claim covered by the policy he shall notify insurer, and it will defend in the name and on behalf of assured, and that no action shall lie against insurer to recover for any loss under the policy, unless brought by assured for loss actually sustained and paid in money by him after trial, indemnifies only against loss actually sustained and paid by assured in money, and not against liability. * * Plaintiff by garnishment gets no better right than his debtor has to the debt garnished."

In *Fenton* v. *Fidelity & Casualty Co.,* 36 Or. 283, 288 (56 Pac. 1096, 1097, 48 L. R. A. 770), the court says:

"There is a distinction made by the authorities between a contract of indemnity *against liability* for damages, and a simple contract of indemnity against damages. In the former case, it has very generally

been held that an action may be brought and a recovery had, as soon as the liability is legally imposed, while in the latter there is no cause of action until there is actual damage. * * If, therefore, the policy upon which this action is based is a mere contract of indemnity, the payment by this mill company (the assignor of the plaintiff) of the liability incurred by it for the services of the plaintiff *is a condition precedent to the right of recovery.*"

In *Finley* v. *United States Casualty Co.,* 113 Tenn. 592 (83 S. W. 2, 3 Ann. Cas. 962), a part of the syllabus is:

"Agreements in an employer's liability policy that, if suit is brought against the assured, he shall immediately forward the process to the insurer, which will defend against or settle the claim, do not, when considered with a provision of the policy declaring its purpose to be indemnity to the assured 'against loss from liability for damages,' and another agreement that no action shall lie against the insurer in reference to any loss under the policy unless brought by the assured himself to reimburse him for payment by him in satisfaction of a judgment, render the policy one of indemnity against liability, but it is a policy against loss or damage by reason of liability, under which the amount of insurance does not become available until payment of the loss by the assured, and cannot be impounded by an employee on recovery of a judgment against his employer."

In *Cushman* v. *Fuel Co.,* 122 Iowa, 656 (98 N. W. 509), the court says:

"Where the contract of a guaranty company with an employer provided that no assignment of an interest therein could be made without the written consent of the guaranty company, and that no action should lie for a loss unless brought 'by the assured to reimburse him for a loss actually sustained and paid in satisfaction of a judgment after trial of the issue,' an unpaid

judgment for a personal injury against the employer cannot be enforced in an equitable action by an employee against the guaranty company, notwithstanding the provisions of code, Section 4087.''

In *Kinnan* v. *Fidelity & Casualty Co.,* 107 Ill. App. 406, the syllabus is:

''An injured employee has no rights against a liability company which has an indemnity contract or policy with his employer.''

In *Appel* v. *People's Surety Co.,* 148 App. Div. 70, 72 (132 N. Y. Supp. 200, 202), the facts were that an indemnity policy provided that no action would lie thereunder unless brought by the assured for ''loss actually sustained and paid in money'' in satisfaction of a judgment, etc., and the Supreme Court, on appeal, held, as stated in the syllabus:

''That payment of a judgment so recovered in accordance with such provisions was a condition precedent to assured's right to recover on the policy, which clause was not waived by the insurer's repudiating any liability under the policy, and refusing to further defend an action brought against the insured after unsuccessfully defending the action.''

In *Connolly* v. *Bolster,* 187 Mass. 266 (72 N. E. 981), a part of the syllabus is:

''When a policy insuring against liability for bodily injuries caused by the negligence of the insured contains a provision that no action shall lie for any loss under the policy unless brought by the insured 'to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue,' payment of the judgment by the insured is a condition precedent to liability of the insurance company.''

In *Frye* v. *Bath Gas & Electric Co.,* 97 Me. 241, 245 (54 Atl. 395, 396, 94 Am. St. Rep. 500, 502, 503, 59

L. R. A. 444, 446), the policy was much like the one in this case, and the court in that case says:

"In this case, as we have seen, the contract was one of indemnity only. It was not obtained by the gas company for the benefit of its employees, but for its own benefit exclusively, to reimburse it for any sum that the company might be obliged to pay, and had paid, on account of injuries sustained by an employee through its negligence. Independently of the condition in the contract of insurance above quoted, we should be compelled to construe this contract as one of indemnity only. But this provision puts an end to all questions or doubt, if any there could be. The parties have expressly provided in the contract which they chose to make, that: 'No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue.' By reason of the unequivocal language of this provision, the undertaking of the insurer was expressly limited to liability in an action brought by the insured 'to reimburse him for loss actually sustained and paid by him.' There can be no doubt about the meaning of this language and no question about the right of the contracting parties to insert such a provision in their contract for the purpose of making clear the nature and limit of the liability of the parties or of either of them."

See, also, on this point, *Allen* v. *Aetna Life Ins. Co.,* 145 Fed. 881 (7 L. R. A. (N. S.) 958, 76 C. C. A. 265); *Jones* v. *Childs,* 8 Nev. 121; *Clark* v. *Bonsal & Co.,* 157 N. C. 270 (72 S. E. 954, 48 L. R. A. (N. S.) 191); *Cayard* v. *Robertson & Hobbs,* 123 Tenn. 382 (131 S. W. 864, Ann. Cas. 1912C, 152, 30 L. R. A. (N. S.) 1224); *Frye* v. *Bath Gas & Electric Co.,* 97 Me. 395 (54 Atl. 395, 94 Am. St. Rep. 500, 59 L. R. A. 444).

The casualty company, by its policy in this case, insures Mathison & Anderson against "loss and expense arising from claims upon the assured for damages on account of bodily injuries or death accidentally suffered during the period of this policy by any employee of the assured," etc. This constitutes indemnity against loss and expense from claims upon the assured for damages; but paragraph L of the policy is so specific, that there can be no doubt that the parties to the contract intended that the company should indemnify the assured against all loss and expense that they might be obliged to pay to persons injured while in their employ. The language used leaves no room for doubt. It declares that:

"No action shall lie against the company for any loss or expense under this policy, unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, within ninety days from the date of said judgment, and after trial of the issue."

The right to recover from the casualty company is limited to the amount of loss or expense actually sustained and paid in the satisfaction of a final judgment obtained by the injured employee against the company. The obtaining of a final judgment against the assured by the injured employee and the payment of that judgment in whole or in part are conditions precedent to the right of the assured to maintain an action against the casualty company on said policy, and until the assured has a right of action against the company, an injured employee, who has obtained a final judgment against the assured, has no right to garnish the company. Until the assured has paid the injured employee his judgment, or a part thereof, the company does not owe the assured anything and there is nothing in its hands to attach or garnish.

We conclude from the facts found by the court below that the plaintiff was entitled to judgment against the Pacific Coast Casualty Company, as garnishee, for the sum of $124 only, that being the only amount that the assured paid on the final judgment that the plaintiff obtained against them, as shown by the findings of the trial court.

The cases of *Patterson* v. *Adan,* 119 Minn. 308, and *Sanders* v. *Frankfort etc.,* 72 N. H. 485 (57 Atl. 655, 101 Am. St. Rep. 688), sustain the respondent's contention; but we find that the great weight of authority is in accordance with the conclusion at which we have arrived. We base our conclusions on the express language of paragraph "L" of the policy. We find that the court below erred in rendering judgment in favor of the plaintiff for more than $124. The judgment of the court below is modified in accordance with our conclusions stated *supra,* and the cause is remanded to the court below, with instructions that a judgment be there entered in favor of the plaintiff and against the Pacific Coast Casualty Company for the sum of $124 and costs and disbursements in the court below. The appellant will recover costs and disbursements in this court.                    MODIFIED AND REMANDED.

MR. JUSTICE BURNETT and MR. JUSTICE MOORE concur.

MR. JUSTICE BEAN dissents.