Argued May 8, affirmed June 19, petition for rehearing denied
July 16, 1963

# REDWINE *v.* CEDCO COMPANY, INC. AND
# EMPIRE MACHINERY CO. ET AL

### 382 P. 2d 855

*Gene B. Conklin,* Pendleton, argued the cause for appellants. With him on the briefs were Corey & Byler, Pendleton.

*Robert W. Collins,* Pendleton, argued the cause for respondent. On the brief were Fabre & Collins and John W. Smallmon, Pendleton.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

SLOAN, J.

Plaintiff was the judgment creditor of defendant Cedco Company, Inc. Plaintiff then brought this garnishment proceeding by which plaintiff claimed that the garnishee, Empire Machinery Co., was indebted to Cedco Company, Inc. Empire Machinery Co. and Empire Implement, Inc. were, for the purpose of this case, one and the same. They will be referred to as the garnishee. The garnishee denied that it was indebted to Cedco Company, Inc., to be referred to as "Cedco." A trial was held, pursuant to ORS 29.350, in which the issue was submitted to a jury. The jury returned a verdict for plaintiff. The garnishee appeals from the judgment entered on the verdict.

The garnishee claims as error that the court should have allowed its motion for nonsuit and for a directed verdict.

The evidence in this case presents a confused and tangled claim of ownership to a portable electric generator. The transfer of title to or possession of the generator formed the basis for the garnishment proceedings. In addition to some peculiar layman drafted agreements and memoranda, in evidence, there was

conflicting testimony of several purported oral agreements. There was testimony as to meetings of the parties in respect to the alleged agreements. The witnesses were in conflict as to when and if the meetings were held, who was present, what was said and what was agreed to, if anything. To set forth, even in a summary manner, the evidence in respect to these disputed transactions would require pages of unnecessary recitation.

We think it sufficient, for the decision in this case, to relate that the issues in the case were formed by a stipulation made by the parties. The stipulation stated that "* * * the issues as made and presented by this stipulation shall constitute the pleadings to this proceeding and shall be tried as an action at law." The stipulation then recited the contention of plaintiff and the garnishee's denial thereof. Plaintiff contended that, prior to the several transfers of property involved in this case, he had been the owner of the generator. He claimed that he had sold the generator to Cedco and had retained a security interest to secure the payment of the purchase price. Plaintiff alleged that Cedco had then transferred the title to the generator to the garnishee for which the garnishee paid Cedco no consideration. The garnishee sold it and plaintiff claimed the reasonable value thereof as a debt due from the garnishee to Cedco.

The garnishee claimed by the stipulation that it took the generator from Cedco, with the consent of plaintiff, to apply the value thereof to the payment of other accounts it alleged were owing to the garnishee by plaintiff. This was denied by plaintiff.

Evidence was submitted by both parties in support of their contentions. Resolution of the issues required

a determination of who to believe; obviously a jury function.

The only other issue worthy of mention was the garnishee's argument that there was no indebtedness or obligation due to Cedco from the garnishee that could be the subject of attachment. This issue was obscured by the fact that the managing owner of the garnishee was a substantial owner of the stock of Cedco and exercised considerable control over the latter's affairs. The evidence could cause the jury to infer that Cedco and the garnishee acted collusively, but not necessarily in a fraudulent manner. The generator was taken from Cedco's possession by the garnishee. The evidence as to why and how was in conflict. The jury could have found that between persons who were not under mutual control that there would have been a clear obligation on the part of the garnishee to pay Cedco for the generator. *Scheuerman v. Mathison,* 1914, 74 Or 40, 144 P 1177. Or, because of the close relationship between Cedco and the garnishee, the jury could have believed that the transfer from Cedco to the garnishee was to avoid Cedco's creditors. At some time during the events related in the evidence Cedco became financially embarrassed. In other words the bona fides of the relationship just mentioned as well as the other aspects of the case presented issues of fact.

The court instructed the jury precisely on the issues presented by the stipulation. The garnishee took no exception to any instructions given nor to any refused. Other legal issues the evidence may have presented were not submitted to the trial court in any form. We can only say that there was evidence, if believed, to have supported either party on the limited issues presented by the stipulation. The evidence was sub-

mitted to the jury on these issues and plaintiff prevailed. The trial judge would have erred if he had taken the case from the jury.

Another assignment directed at the court's refusal to make a piecemeal withdrawal of evidence from the jury was without merit.

Affirmed.