Argued and submitted February 8, reversed and remanded May 9, reconsideration
denied June 29, petition for review denied August 21, 1984 (297 Or 601)

# HALSEY et al,
*Appellants,*

*v.*

# FIREMAN'S FUND INSURANCE COMPANY,
*Respondent.*

(82-1282; CA A28702)

681 P2d 168

Donald A. Greig, Portland, argued the cause for appellants. With him on the brief were McClaskey & Greig, and Mark F. Stoker, Certified Law Student, Portland.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief were Hallmark, Griffith & Keating, P.C., and Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

In this action for breach of an insurance agreement, plaintiffs appeal from a summary judgment for defendant. We reverse. In May, 1978, defendant issued to plaintiffs a "Farmer's and Rancher's Multigard Policy." In August, 1978, plaintiffs gave their tenant notice that his lease was terminated because of an alleged breach of the lease. In September, 1979, the tenant sued plaintiffs for $47,104 in damages plus $5,000 attorney fees for wrongful eviction, and on July 21, 1980, obtained a judgment against plaintiffs for $21,709, plus attorney fees and costs of $3,236.

Plaintiffs contacted their insurance agent to get an appeal bond. He told them that the tenant's claim might be covered by defendant's policy, and on November 26, 1980, they filed proof of loss. On January 30, 1981, defendant denied the claim, asserting both lack of coverage and lack of timely notice. Meanwhile, plaintiffs appealed the tenant's judgment. This court affirmed it and also awarded the tenant attorney fees and costs on appeal of $1,423. On August 5, 1981, and again on September 28, 1981, defendant denied coverage for the same reasons. Plaintiffs paid the judgment in full on October 2, 1981.

In June, 1982, plaintiffs sued defendant for damages of $26,464.95, the total amount of the tenant's judgment. Defendant's answer alleged affirmatively that (1) there was no policy coverage, (2) plaintiffs had breached the notice and cooperation provisions of the policy,[1] and (3) plaintiffs had

---

[1] "The policy, 'Section II-Liability Coverages, Conditions,' provides:

"3. *Insured's Duties in the Event of Occurrence, Claim or Suit:*

"(a) In the event of an *occurrence,* written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company or any of its authorized agents as soon as practicable.

"(b) If claim is made or suit is brought against the *insured,* the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"(c) The *insured* shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to

failed to comply with conditions precedent in the policy.[2] The trial court granted defendant's motions for summary judgment on the basis of the last two defenses. Plaintiffs assert that the court erred, because there were genuine issues of material fact about whether plaintiffs' delayed notice was prejudical and whether plaintiffs acted reasonably in not giving earlier notice.

In *Lusch v. Aetna Cas. & Surety Co.*, 272 Or 593, 538 P2d 902 (1975), the trial court gave the defendant automobile insurance company a summary judgment, because the insured had failed to give proper notice of an accident. The Supreme Court reversed:

> "[W]e conclude that the first inquiry should be whether the notice of accident was received in time for the insurer to make a reasonable investigation and adequately protect its interest and that of the insured. Stated conversely, the first inquiry should be whether the insurer was prejudiced by the insured's failure to give earlier notice of the accident.
>
> "If notice from any source was sufficiently timely so that the insurer could adequately investigate and protect itself, thereby suffering no prejudice, the insurer is bound to fulfill its policy obligations. Whether the insured acted reasonably is immaterial.
>
> "However, if the insurer could not adequately investigate or otherwise protect itself, thereby suffering prejudice, then the relevant inquiry is whether the insured acted reasonably

---

which insurance is afforded under this policy; and the *insured* shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The *insured* shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident." (Emphasis in original.)

2

"4. *Action Against Company:* No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the *insured's* obligation to pay shall have been finally determined either by judgment against the *insured* after actual trial or by written agreement of the *insured,* the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the *insured* to determine the *insured's* liability, nor shall the company be impleaded by the *insured* or his legal representative. Bankruptcy or insolvency of the *insured* or of the insured's estate shall not relieve the company of any of its obligations hereunder." (Emphasis in original.)

in failing to give notice at an earlier time. If the insured did act reasonably, the insurer is obligated to perform." 272 Or at 599.

Defendant argues that, because it received notice after trial of the tenant's claim, it had no time to make a reasonable investigation and, as a matter of law, was prejudiced. Plaintiffs argue that defendant was not prejudiced, because it denied *coverage* even after it was notified.

Defendant's affidavits show no prejudice other than that it received notice after trial. An insurer is not prejudiced as a matter of law just because it receives notice after a claim has been settled or tried. *See Thompson v. Grange Ins. Ass'n,* 34 Wash App 151, 660 P2d 307 (1983); *Pulse v. Northwest Farm Bur. Ins. Co.,* 18 Wash App 59, 566 P2d 577 (1977). Plaintiff's affidavits, on the other hand, show that the late notice may not have prejudiced defendant. In its letter of denial of January 30, 1981, defendant wrote:

> "[T]here was no coverage under the cited policy since the plaintiff's Complaint alleges no matters which would qualify as *bodily injury* or *property damage* as those coverages are defined in the policy. Since the allegations of the complaint do not fall within the scope of coverage provided by our policy, there is no duty to defend." (Emphasis in original.)

Defendant might have denied coverage on that basis even if it had been notified of the claim before trial and had had an opportunity to investigate it at that time.

The tenant's judgment, furthermore, was for less than half of the damages he sought. His attorney testified that his client would not have settled for much less than the full amount:

> "I would say that - that if there were a case that I predict that money on the table would not have made a difference, that this case would be one of those. Mr. Duran was proceeding it appeared as much on his sense of justice and principal [sic] as on his economic considerations. He felt that he had been wronged and he felt that it either should have been made right by substantially - by receiving substantially all the damages or by proceeding through the legal processes."

There is no evidence that defendant might have achieved a better result even if it had been notified before trial.

■ ■ Defendant has the burden to show prejudice. *See Thompson v. Grange Ins. Ass'n, supra,* 34 Wash App at 163; *Brakeman v. Potomac Insurance Co.,* 472 Pa 66, 371 A2d 193 (1977). On this record, we find that there is a genuine issue of material fact whether it was prejudiced by the late notification.

■ By granting summary judgment, the court also found, as a matter of law, that plaintiffs did not act reasonably in failing to give notice at an earlier time. We do not decide if there was a genuine issue of material fact on this question. If the jury finds that defendant suffered no prejudice, defendant is bound to fulfill its policy obligations, even if plaintiffs acted unreasonably. *Lusch v. Aetna Cas. and Surety Co., supra,* 272 Or at 599. Only if the jury were to find that defendant was prejudiced would the issue of reasonableness arise.

Reversed and remanded.