# C. Anderson GRIFFITH,
*Appellant,*

*v.*

# SAFECO TITLE INSURANCE COMPANY,
nka Chicago Title Insurance Company,
*Respondent.*

## (A8811-06269; CA A61618)

812 P2d 420

Robert D. Bulkley, Jr., Portland, argued the cause for appellant. With him on the briefs was Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland.

Donald Joe Willis, Portland, argued the cause for respondent. On the brief were Ridgway K. Foley, Jr., P.C., Joseph P. Wright and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from the summary judgment for the defendant title insurer in this garnishment proceeding under ORS 23.230 that was based on plaintiff's judgment in an underlying action against defendant's insured. We reverse.

Plaintiff is a principal of both First Northwest Financial Corporation (First Northwest) and Springfield Investments (Springfield). As part of a series of transactions, First Northwest purported to convey real property to Springfield. When First Northwest acquired the property, defendant insured against "actual loss" resulting from a defective title. *But see* note 2, *infra.* The deeds by which First Northwest had purportedly acquired the property were later determined to be void *ab initio*, and First Northwest therefore had no title to convey to Springfield. Plaintiff, as the sole owner of Springfield, sued First Northwest for breach of the covenant of title. He obtained a default judgment. First Northwest was insolvent, had been dissolved and made no payment of the damages awarded against it. Plaintiff garnished defendant and instituted this action after defendant denied that it held assets from which the judgment could be collected.[1]

This proceeding is, in substance, equivalent to an action on the policy in which plaintiff stands in the shoes of the insured, First Northwest. Defendant is entitled to assert the defenses that it might have had in a direct action by the insured. *State Farm Fire & Cas. v. Reuter,* 299 Or 155, 700 P2d 236 (1985).

The trial court allowed defendant's motion for summary judgment on the grounds that First Northwest had sustained no actual loss against which defendant insured and

---

[1] We have stated only the facts necessary to provide an overview of the issues that we will discuss. The transactions involving plaintiff, the property and the various entities are complex, and other litigation has arisen out of them. On the basis of the overall course of dealing, defendant makes a variety of arguments to the effect that plaintiff's conduct was not a model of honesty and that, in essence, he engineered and concealed the default of his own shadow corporation in his action against it. Plaintiff replies that defendant's accusations "are unwarranted by the record and irrelevant to this appeal." We agree that the alleged misconduct has no bearing on the disposition of plaintiff's appeal from the summary judgment. Whether it will be relevant to the factual issues on remand is a matter that we cannot anticipate but, we emphasize, our opinion does not foreclose that possibility.

that First Northwest did not comply with the policy requirements that it cooperate with defendant, enable defendant to defend and give defendant notice of the judgment in plaintiff's action against First Northwest.

■       Plaintiff contends that defendant is not entitled to summary judgment on its policy defenses, because plaintiff notified defendant of the action before filing it and defendant took no measures to protect itself or First Northwest and was not prejudiced by any failure of First Northwest to meet the policy requirements. We agree that the evidence created a question of fact as to whether defendant was sufficiently apprised of the action, whether it took reasonable measures in response to the information and whether it was prejudiced by any noncompliance with the policy on First Northwest's part. *See Lusch v. Aetna Cas. & Surety Co.,* 272 Or 593, 538 P2d 902 (1975); *Halsey v. Fireman's Fund Ins. Co.,* 68 Or App 349, 681 P2d 168, *rev den* 297 Or 601 (1984).

Defendant contends that plaintiff may not assert "insurer misconduct" by defendant in plaintiff's action against First Northwest. *See Pringle v. Robertson,* 258 Or 389, 465 P2d 223, 483 P2d 814 (1971). However, plaintiff is not relying on any theory of insurer misconduct; rather, he is responding to defendant's defenses that First Northwest's noncompliance with the policy defeats coverage.

■       Defendant also argues that the requirement that an insurer demonstrate reasonable diligence and prejudice before it can rely on noncooperation and similar policy defenses applies only to liability insurance and has no proper application to indemnity coverage such as this. Defendant explains:

"[T]he insurer's duty to secure its insured's cooperation should be strictly applied where to do so would further the public policy of compensating injured parties. That policy rationale is inapplicable where the policy's purpose is to indemnify the very person who failed to cooperate."

We do not agree that an insurer's contract duty differs in the two contexts, and *Halsey v. Fireman's Fund Ins. Co., supra,* is contrary to defendant's argument. Defendant's policy defenses were not an appropriate basis for summary judgment.

■    Defendant next argues that First Northwest suffered no "actual loss,"[2] because it paid no damages and, therefore, no right to indemnity arose. Defendant relies on *Scheuerman v. Mathison,* 74 Or 40, 144 P 1177 (1914), and *Fenton v. Fidelity & Casualty Co.,* 36 Or 283, 56 P 1096 (1899). After those cases were decided and in apparent response to *Scheuerman,* the legislature enacted ORS 23.230:

> "Whenever a judgment debtor has a policy of insurance covering liability, or indemnity for any injury or damage to person or property, which injury or damage constituted the cause of action in which the judgment was rendered, the amount covered by the policy of insurance shall be subject to attachment upon the execution issued upon the judgment."

That statute permits precisely this kind of proceeding and the kind of relief that plaintiff seeks, and it specifically provides recourse against indemnity insurance without the need for a prior actual recovery from the insured. *Compare Blessing v. Ocean Acc. & Guar. Corp.,* 152 Or 632, 640, 54 P2d 300 (1936).

■    Defendant also maintains that First Northwest suffered no actual loss before the judgment was entered against it in plaintiff's action and also sustained no loss even then, because it had been dissolved and had no assets. Plaintiff counters that the loss occurred when the defect in First Northwest's title arose, contemporaneously with the purported conveyance from its grantor. Plaintiff argues, alternatively, that the loss was sustained at the latest when First Northwest purported to convey the property to Springfield and accrued liability for the amounts later awarded in plaintiff's action. *See Summonte v. First Amer. Title Ins. Co.,* 180 NJ Super 605, 436 A2d 110 (Ch Div), *aff'd* 184 NJ Super 96, 445 A2d 409 (App Div 1981), *cert den* 89 NJ 418 (1982).

We agree with plaintiff's first argument. The loss that First Northwest suffered, and that defendant insured,

---

[2] The provision of the policy about which the parties dispute states:

"The liability of the Company under this policy shall in no case exceed, in all, the actual loss of the Insured and costs and attorneys' fees which the Company may be obligated hereunder to pay."

We accept their choice of battlefields. However, the insuring provision of the policy refers to coverage for "direct loss or damage." In any event, defendant's argument is more to the effect that there was no damage than that there was no coverage.

was the title to the property. The judgment in plaintiff's underlying action was entered long after First Northwest could have claimed the coverage of defendant's policy. It was not the loss, but only a byproduct of the loss that had already occurred. The trial court erred by granting the summary judgment.[3]

Reversed and remanded.

---

[3] The parties' remaining arguments do not require separate discussion.