65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TERMINAL TRANSFER, INC., an Oregon corporation, Plaintiff-Appellant,
v.
TRUCK INSURANCE EXCHANGE, a California corporation, and
Mid-Century Insurance Company, a California
corporation, Defendants-Appellees.
 No. 93-35581.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Memorandum Filed Nov. 28, 1994.
Memorandum Withdrawn and Refiled Jan. 26, 1995.
 
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 
 ORDER
 
 1
 The memorandum disposition, filed on November 28, 1994, is withdrawn. The attached disposition is filed in its stead.
 
 
 2
 Except to the extent that the memorandum is superseded by the attached, the petition for rehearing is DENIED.
 
 
 3
 MEMORANDUM*
 
 
 4
 Terminal Transfer, Inc. appeals the district court's entry of summary judgment for Truck Insurance Exchange and Mid-Century Insurance Company in its action for breach of contract and declaratory judgment arising out of Truck's and Mid-Century's refusal to provide coverage for the environmental clean-up costs of a diesel spill that had occurred 15 years earlier on Terminal's property. The district court held that the lapse of time between the diesel spill and Terminal's notice to Truck and Mid-Century was prejudicial and unreasonable as a matter of law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We reverse and remand to the district court for entry of an order pursuant to Fed.R.Civ.P. 56(d) specifying that the issue of whether Truck and Mid-Century were prejudiced by Terminal's notice of its claim is without substantial controversy and is resolved in favor of Terminal.
 
 
 5
 * Terminal argues that the district court erred in assuming that its notice was late at all because it was given once Terminal was aware of potential liability, and in holding that Terminal's failure to notify Truck and Mid-Century of the spill caused prejudice. The policy required Terminal to give notice of a claim "as soon as practicable" after an accident, occurrence or loss. We need not determine whether the notice was late, as even if it were, under Oregon law coverage may be denied only if the insurer is prejudiced by the insured's failure to give notice. Lusch v. Aetna Casualty & Surety Co., 538 P.2d 902, 905 (Or.1975) (adopting two-part inquiry of whether notice was received in time for insurer to make reasonable investigation and protect its interest and that of the insured, and if not, whether insured acted reasonably in failing to give notice earlier).
 
 
 6
 The insurer has the burden of showing prejudice, Halsey v. Firemen's Fund Insurance Co., 681 P.2d 168, 170 (Or.Ct.App.), rev. denied, 687 P.2d 795 (1984), but Truck and Mid-Century presented no evidence from which prejudice can be inferred. Although they argue that the 15-year gap deprived them of the opportunity to investigate the cause of the spill and the extent of the damage, they offer no evidence of their inability to do so, or of what difference it would have made on the facts in this case had they been able to conduct some kind of investigation. It is undisputed that Terminal gave notice after it learned of the possibility of an environmental claim against it. Neither Truck nor Mid-Century undertook any investigation at that time. Thus, the existence of prejudice is purely speculative. As delay in itself is insufficient to show prejudice, North Pacific Insurance Co. v. United Chrome Products, Inc., 857 P.2d 158, 160 (Or.Ct.App.) (insurer not prejudiced as a matter of law even when it receives notice after claim has been settled or tried and years after the incident giving rise to the claim), rev. denied, 867 P.2d 1385 (1993), Truck and Mid-Century have failed to support judgment in their favor. It must, therefore, be reversed.
 
 II
 
 7
 The remaining question, which we consider sua sponte, is whether Truck and Mid-Century have raised a triable issue of fact whether prejudice exists. We think not, and that it must be determined that the issue of late notice is without substantial controversy.
 
 It is settled that:
 
 8
 if one party moves for summary judgment and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of the movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party....
 
 
 9
 It is, of course, essential that the appellate court carefully review the record and determine that the moving party against whom summary judgment was rendered had a full and fair opportunity to ventilate the issues involved in the motion.
 
 
 10
 Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311-12 (9th Cir.1982) (citations omitted).
 
 
 11
 Here, instead of adducing evidence of what an earlier investigation would have accomplished, Truck and Mid-Century elected to stand on the position that prejudice could be shown solely by the delayed notice. As in Cool Fuel, "the parties had every opportunity to explore and expound the issues inherent in the [motion for summary judgment] and did so to the extent they deemed advisable." Cool Fuel, 685 F.2d at 312. That being so, further proceedings on this issue are unwarranted, the issue being without substantial controversy. We express no view on the merits of any issues in this case not resolved by our determination that Truck and Mid-Century demonstrated no prejudice from the manner in which Terminal Transfer gave notice of its claim.
 
 
 12
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3